IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Deanna K.,[1]

       Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

       Defendant.

Civ. No. 6:20-cv-00230-MC

OPINION AND ORDER

---

**MCSHANE, Judge**:

Plaintiff Deanna K. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by: (1) failing to credit the medical opinion of Nurse Practitioner Teresa Burfine; (2) failing to credit the medical opinion of Dr. Scott Alvord; and (3) not fully crediting the medical opinions of Dr. Wiggins and Dr. Davenport. Pl.'s Br. 4–21, ECF No. 18. Because there is substantial evidence in the record to support the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on November 9, 2017, alleging disability since September 4, 2017. Tr. 81. Her claim was denied initially and upon reconsideration. Tr. 117, 122. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Katherine Weatherly on September 6, 2019. Tr. 42–80. ALJ Weatherly denied Plaintiff's claim by a written decision dated October 8, 2019. Tr. 23–35. Plaintiff sought review from the Appeals Council and was denied on December 16, 2019, rendering the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff was 52 years old at the time of her alleged disability onset. Tr. 81. Plaintiff has obtained a GED. Tr. 94. Plaintiff has worked as a bartender, an accounting clerk, a veneer grader, and an ice cream packager. Tr. 73. Plaintiff also owned a mobile pet grooming business. Tr. 55. Plaintiff alleges disability due to retinitis pigmentosa, osteoarthritis, degenerative disc disease, facet arthritis, post-traumatic stress disorder, depression, and anxiety. Tr. 82.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial

evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

## I.    Nurse Practitioner Teresa Burfine's Opinion

Nurse Practitioner Teresa Burfine has treated Plaintiff since January 2018, seeing her every few months. Tr. 823. NP Burfine provided a treating source statement. Tr. 823–27. In it, NP Burfine described Plaintiff's self-reported pain symptoms, but the only clinical finding she noted was periodic elevated blood pressure. Tr. 824.

NP Burfine failed to answer multiple questions in her treating source statement. Tr. 824. She did not answer whether Plaintiff's conditions were capable of causing her symptoms, nor did she answer whether Plaintiff needed to lie down or rest periodically throughout the day. Tr. 824. NP Burfine did not describe the treatment Plaintiff has received. Tr. 824. Despite this, NP Burfine opined that Plaintiff could not walk for a single city block without rest or significant pain. Tr. 825. She opined that Plaintiff could only sit, stand, or walk for ten minutes at a time. Tr. 825. NP Burfine opined that Plaintiff could sit for a total of zero hours and stand or walk for a total of zero hours in an eight-hour workday. Tr. 825.

Plaintiff first argues that the ALJ did not give the required deference to NP Burfine's opinion as a treating medical provider. Pl.'s Br. 4–5. However, new agency regulations that took effect on March 27, 2017, no longer require the agency to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). As Plaintiff's application was filed after March 27, 2017, the ALJ was not required to give any deference to NP Burfine's treating opinion.

Under the new regulations, an ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. In doing so, an ALJ must consider the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. 20 C.F.R. § 416.920c(b)(2).

The ALJ found NP's Burfine's opinion unpersuasive because it was not supported by the objective medical evidence. Tr. 30. Plaintiff argues that this finding is not supported by substantial evidence. Pl.'s Br. 7–12.

The ALJ found the limitations described by NP Burfine "far outside the scope of what is covered by the objective evidence." Tr. 30. The ALJ first noted that NP Burfine's opinion form was incomplete. Tr. 30; *see* tr. 824. "As a result, there is no indication whether Ms. Burfine believed the claimant's conditions were capable of causing her symptoms." Tr. 30. Other medical professionals similarly could not establish that Plaintiff's symptoms were caused by her conditions. Physician Assistant Patrick Sawyer examined Plaintiff's neck and spine and reported "I do not believe the thoracic lesion at T12 is in a position to affect any of the complaints she is presenting with." Tr. 543–44. A nerve conduction study found only very mild left carpal tunnel, with no evidence of cervical radiculopathy, brachial plexopathy, or other extremity peripheral nerve entrapment on either side. Tr. 549. Plaintiff's MRI was completely normal, with no sign of multiple sclerosis. Tr. 550. When Dr. Kevin Meyer examined Plaintiff, she reported mild discrepancies in sensation between her left and right upper extremities, but Dr. Meyer found it "unclear if there is true sensory deficiencies." Tr. 573.

The ALJ also found that Plaintiff's physical exams do not support the extreme limitations in NP Burfine's opinion. Tr. 30. Plaintiff consistently presents with normal motor strength, normal reflexes, and normal gait. *See, e.g.*, tr. 290, 513, 542, 547, 571–72, 734. Additionally, Dr. Meyer found Plaintiff's gross and fine motor skills normal. Tr. 573. Plaintiff could grasp and manipulate objects. Tr. 573. Dr. Meyer found no evidence of localized tenderness or spasticity, and sensation was normal. Tr. 573.

Finally, Plaintiff argues that the ALJ failed to address the consistency of NP Burfine's opinion. Pl.'s Br. 13–14. The ALJ explicitly found that the limitations described in NP Burfine's opinion were not consistent with the "host of examinations in the record that show no abnormalities other than decreased sensation." Tr. 30. After examining Plaintiff, Dr. Meyer opined that she could stand or walk for up to six hours in an eight-hour workday and could sit for six hours in an eight-hour workday, a vast departure from the zero total hours in NP Burfine's opinion. Tr. 573.

The ALJ also found that NP Burfine's opinion was not consistent with Plaintiff's activities of daily living. Tr. 30. As the ALJ noted, Plaintiff is an active member of her Alcoholics Anonymous group, attending and leading daily meetings where she sits and stands for an hour and a half. Tr. 30, 220. Plaintiff is able to prepare her own meals, perform light cleaning and light yard work, and go shopping twice a week for an hour each time. Tr. 219.

In finding NP Burfine's opinion unpersuasive, the ALJ considered and articulated the required factors. The ALJ's finding is supported by substantial evidence.

## II.    Dr. Alvord's Opinion

Dr. Scott Alvord met with Plaintiff one time for a psychological evaluation. Tr. 563. Dr. Alvord performed a clinical interview, a mental status examination, and an IQ test, and he reviewed Plaintiff's medical records. Tr. 563. Dr. Alvord opined that Plaintiff would not have difficulty performing simple and repetitive tasks but that she would have difficulty with detailed and complex tasks. Tr. 567. Dr. Alvord further opined that Plaintiff would have difficulty accepting instructions from supervisors and interacting with co-workers and the public. Tr. 567. Dr. Alvord opined that Plaintiff would have difficulty maintaining regular attendance and would

have difficulty completing a normal workday or workweek without interruption from a psychiatric condition. Tr. 567.

The ALJ found Dr. Scott Alvord's opinion unpersuasive, "as the objective evidence clearly does not warrant such extreme limitations." Tr. 31–32. Plaintiff argues that this finding is not supported by substantial evidence. Pl.'s Br. 16–21.

The ALJ found that while Plaintiff's reports of "difficulty being in public and panic attacks support[] the proposition that the claimant would have difficulty interacting with the public," there is "nothing to support the conclusion that the claimant cannot interact with coworkers or supervisors." Tr. 32. Indeed, Plaintiff reports that she gets along well with authority figures and has never been fired or laid off because of problems getting along with other people. Tr. 221. Dr. Alvord's opinion was also inconsistent with the opinions of other medical professionals; Dr. Ju found Plaintiff "capable of appropriate co-worker and supervisor interaction." Tr. 93.

The ALJ also found Dr. Alvord's opinion inconsistent with Plaintiff's activities of daily living. Tr. 32. As the ALJ noted, Plaintiff attends daily AA meetings, often leading the meetings, and she has been a sponsor for others. Tr. 32, 221. Here, the ALJ fails to understand that the nature of AA meetings is often to assist individuals in coping with the stressors found in day to day living. Plaintiff's need for emotional support (and her ability to support others) in regular AA meetings, is not an activity of daily living inconsistent with Dr. Alvord's opinion regarding Plaintiff's limitations in the workplace.  This error, however, is harmless.

In finding Dr. Alvord's opinion unpersuasive, the ALJ considered and articulated the required factors. The ALJ's finding is supported by substantial evidence.

7 – OPINION AND ORDER

### III.    Agency Doctors' Opinions

Dr. Lloyd Wiggins was the agency's initial medical consultant; Dr. Thomas Davenport provided an opinion at the reconsideration level. Tr. 95, 112. The ALJ found the opinions of Dr. Wiggins and Dr. Davenport persuasive, as they were "supported by and consistent with the evidence of record." Tr. 29. Plaintiff argues that, in crafting the RFC, the ALJ failed to account for all the reaching limitations in these opinions. Pl.'s Br. 15. Plaintiff, however, misinterprets the opinions of Dr. Wiggins and Dr. Davenport. In describing Plaintiff's manipulative limitations, Dr. Davenport and Dr. Wiggins selected limited reaching both "left in front and/or laterally" and "right in front and/or laterally." Tr. 91, 108. Explaining further, they noted "[Claimant] is limited to [occasional] overhead and lateral reach [due to] ACDF and radiculopathy." Tr. 91, 108. While Plaintiff argues that Dr. Wiggins and Dr. Davenport opined that Plaintiff would be limited in front reaching, their further explanations show that the limitation only applied to lateral reaching. In crafting the RFC, the ALJ limited Plaintiff to "occasional overhead and lateral reaching bilaterally," consistent with the opinions of Dr. Wiggins and Dr. Davenport. Tr. 28. The ALJ did not err here.

<u>**CONCLUSION**</u>

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 29th day of September, 2021.

s/  Michael J. McShane
Michael J. McShane
United States District Judge